| **T.A. v Boys' Club of N.Y.** |
|:---:|
| 2025 NY Slip Op 30192(U) |
| January 17, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 159587/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. ARLENE P. BLUTH**

*Justice*

-----------------------------------------------------------------------------X

T.A., an infant, by KEESHA WOODSON, his mother and natural guardian, and KEESHA WOODSON, individually,

Plaintiffs,

- v -

THE BOYS' CLUB OF NEW YORK,

Defendant.

-----------------------------------------------------------------------------X

| PART | 14 |
|------|-----|

| INDEX NO. | 159587/2019 |
|-----------|-------------|
| MOTION DATE | N/A |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65

were read on this motion to/for          DISCOVERY          .

Plaintiffs' motion to extend the time to file the note of issue and complete discovery is granted as described below.

**Background**

This action concerns an alleged sexual assault suffered by the infant plaintiff while at a summer camp operated by defendant in July 2019. This action was filed quickly thereafter on October 2, 2019. That seems to be the only thing done quickly in this case.

The parties entered into a discovery stipulation in November 2022 that directed that plaintiffs' deposition be held on February 9, 2023 and that defendant's deposition take place on February 16, 2023 (NYSCEF Doc. No. 27). This discovery stipulation was so-ordered by the judge then assigned to the case and, in fact, it resolved a discovery motion filed by defendant (*see* NYSCEF Doc. No. 6).

159587/2019   A, T vs. BOYS' CLUB OF NEW YORK
Motion No.  002

Page 1 of 5

[* 1]

Following that discovery order and conference in November 2022, there is no record of another conference until this case was assigned to this part in January 2024. The parties proposed a discovery order in January 2024 that indicated that they had done almost nothing since the November 2022 order (NYSCEF Doc. No. 33 [indicating that no depositions were completed]). The parties were unable to agree to a discovery stipulation in advance of the next conference and so the Court held an in-person conference in March 2024 to resolve outstanding issues (NYSCEF Doc. No. 37, 38). The Court ordered that defendant had to produce the names of all campers assigned to the infant plaintiff's bunk at the time of the alleged incident by April 17, 2024 (NYSCEF Doc. No. 38).

The parties then failed to update the Court about the status of discovery by the May 2024 deadline and so the Court adjourned the next conference to July 30, 2024 (NYSCEF Doc. No. 39). In advance of that next conference, the parties uploaded a proposed discovery stipulation that, among other things, set a December 31, 2024 deadline for the depositions of the parties (NYSCEF Doc. No. 41). The Court so-ordered that deadline and set an October 2, 2024 deadline for the parties to update the Court about the status of discovery and warned that the failure to update the Court may result in an order requiring the filing of the note of issue (*id.*).

The parties ignored this directive and failed to update the Court by the October 2, 2024 deadline. So the Court uploaded an order on October 7, 2024 directing that a note of issue be filed by January 29, 2025 to accommodate the December deposition deadline (NYSCEF Doc. No. 42). Then, for some reason, the parties uploaded a discovery stipulation on December 20, 2024 that demonstrated they had, once again, done almost nothing to move the case (NYSCEF Doc. No. 43). Not only had the parties not yet completed any depositions, the proposed

159587/2019   A, T vs. BOYS' CLUB OF NEW YORK                                    Page 2 of 5
Motion No.  002

2 of 5

[* 2]

stipulation also included a provision that "to the extent not previously provided, all parties are to respond to the Court's March 11 and 21, 2024 Orders within 20 days" (*id*.).

Setting aside the fact that this part's rules specifically prohibit using the phrase "to the extent not otherwise provided," the Court has no idea what this means. How could the parties, who prepared this stipulation at their leisure (i.e. not on the spot in front a judge) not know if they had responded to Court orders from *seven* months ago? Why couldn't the attorneys simply check their files instead of including a vague and meaningless provision in a discovery stipulation? They didn't check the rules, they didn't check their files and they didn't make any progress.

In any event, the Court declined to sign this stipulation as the Court had already issued an order directing the filing of a note of issue. Instead of endeavoring to complete this outstanding discovery, this motion followed. Plaintiffs explain that they inadvertently forgot to upload a stipulation in advance of the October 2024 conference. They claim that counsel for both parties had family health issues during 2024, although the parties were able to prepare for, arrange and attempt a mediation on December 5, 2024 (an effort that unfortunately proved unsuccessful).

Defendant joins in the application and reiterates many of the points cited by plaintiffs. It points out that defendant finally responded to one of plaintiffs' discovery demands (from October 5, 2023) on January 8, 2025 and that it requests a conference so that the parties can set another discovery schedule.

**Discussion**

As an initial matter, the Court observes that family health issues constitute good cause for an extension of time to file the note of issue. However, the Court observes that the attorneys

159587/2019   A, T vs. BOYS' CLUB OF NEW YORK          Page 3 of 5
Motion No.  002

3 of 5

representing both parties are not solo practitioners. They could have, at any point during the last year, had a colleague step in and seek extensions of Court-ordered deadlines. Instead, the parties wholly ignored Court deadlines and were able to schedule a mediation. While mediation can absolutely be beneficial, the parties chose to pursue it without either simultaneously working on any discovery or telling this Court. The December 2024 proposed discovery stipulation makes no mention of the mediation.

This Court's main concern is that this case involves serious allegations involving a child that occurred more than five years ago and this case is not close to a resolution despite countless court orders. As each year passes, memories fade and obtaining discovery becomes more and more difficult. For example, the latest discovery stipulation suggests that there is going to be an inspection of the property although the purported incident happened nearly six years ago. And the record here does not fully explain why this case has dragged along. This is not an action where the parties have filed numerous discovery motions (this is only the second motion and it seeks, essentially a wholesale delay) or where there are dozens of parties and third-party actions that make everything take longer.

Because the parties have more discovery to complete, the Court will extend the note of issue deadline to July 23, 2025. But the Court declines to so-order the proposed discovery stipulation or schedule another conference. The parties' actions in this case demonstrate that Court-ordered deadlines are not treated with the requisite solemnity; rather, these deadlines have been viewed as suggestions to be followed as the parties see fit.

Accordingly, it is hereby

ORDERED that plaintiffs' motion to extend the note of issue deadline is granted and the note of issue deadline is extended to July 23, 2025.

**1/17/2025**
**DATE**

**ARLENE P. BLUTH, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | **X** | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | **X** | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

159587/2019   A, T vs. BOYS' CLUB OF NEW YORK
Motion No.  002

Page 5 of 5